SNEED, J.,
delivered the opinion of the court.
It is the settled doctrine of a court of equity that a trustee can take no personal benefit in the management of the trust, to the detriment of the beneficiaries. He will not be allowed to speculate with the trust property, or to retain any profits made by the use of the same, or, to become the purchaser at its sale, and he may be compelled to an account and to pay to the cestui qwi trust all profits made by the use of the trust property. 4 Kent, 438; 2 Johns., Ch. R., 252; 4 How., 503. Jephtha Terrell was the executor of the last will of John Terrell, deceased, and Peleg Terrell being largely indebted to said estate, conveyed two tracts of land in trust to secure these debts. The lands were sold under the trust, and Jephtha Terrell bought them, confessedly for the benefit of the legates under the will, and with the understanding among the persons present at the sale that he was buying for the estate, in consequence whereof there was no *419 adverse bidding, and the lands were bid off and purchased by Jephtha Terrell at a greatly inadequate price. They were “struck off” to him as the executor of his father’s will, and in part discharge of the debts due from Peleg Terrell, leaving still a considerable indebtedness due from Peleg Terrell to the estate, with no means left to pay. The lands were sold subject to redemption. Jephtha Terr'ell was himself, in his own right, a judgment creditor of Peleg Terrell, and within the time allowed by law he redeemed of himself and for himself, and procured the title deeds to be made to him in his individual right. This bill was filed by the other heirs and legatees of John Terrell to vacate this ■ redemption and have the lands decreed to the estate.
The Chancellor was of opinion that the purchase must enure to the benefit of the trust estate, and that Jephtha Terrell held the lands as trustee, and decreed accordingly, awarding a re-imbursement to the said Jephtha Terrell of the amount expended by him in the purchase. We think that the equities of the parties are properly adjusted by the decree. It will be in all things affirmed, and the cause will be remanded for taking the account ordered, and for further proceedings in execution of the decree.